# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DAVID UPDIKE**, on behalf of himself and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>**CLACKAMAS COUNTY**,<br><br>　　　　　Defendant. | Case No. 3:15-cv-00723-SI<br><br>**OPINION AND ORDER** |

Daniel J. Snyder, Carl Lee Post, and John D. Burgess, LAW OFFICES OF DANIEL SNYDER, 1000 S.W. Broadway Street, Suite 2400, Portland, OR 97205; Debra J. Patkin, National Association of the Deaf, 8630 Fenton Street, Suite 820, Silver Spring, MD 20910. Of Attorneys for Plaintiff.

Stephen L. Madkour, Clackamas County Counsel, and Kathleen J. Rastetter, Assistant Clackamas County Counsel, 2051 Kaen Road, Oregon City, OR 97045. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Plaintiff David Updike ("Plaintiff" or "Updike") brings this putative class action against

Defendant Clackamas County, alleging two claims: (1) discrimination in violation of Title II of

the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132; and (2) discrimination in

violation of § 504 of the Vocational Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C.

§ 794. On November 30, 2015, the Court granted in part Defendant's motion to dismiss, ruling

that, among other things, Plaintiff's claims based on conduct occurring before April 29, 2013, are

time-barred under the applicable statute of limitations. Now before the Court is Defendant's

Motion for Protective Order Limiting Topics of the Rule 30(b)(6) Deposition of Clackamas

County. For the following reasons, Defendant's motion is granted in part and denied in part.

## STANDARDS

Rule 1 of the Federal Rules of Civil Procedure provides that these rules "should be

construed, administered, and employed by the court and the parties to secure the just, speedy,

and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1 (eff. Dec. 1,

2015). To assist in reaching a just determination of an action, the rules "promote a 'broad and

liberal' policy of discovery 'for the parties to obtain the fullest possible knowledge of the issues

and facts before trial.'" *In re MSTG, Inc.*, 675 F.3d 1337, 1346 (Fed. Cir. 2012) (quoting

*Hickman v. Taylor*, 329 U.S. 495, 501, 507 (1947)). There is a tension, however, among the

objectives of Rule 1. As more discovery is obtained, more is learned. But at some point,

discovery yields only diminishing returns and increasing expenses. In addition, as more

discovery is taken, the greater the delay in resolving the dispute. Finding a just and appropriate

balance is the goal, and it is one of the key responsibilities of the court in managing a case before

trial to assist the parties in achieving that balance. Recently amended Rule 26(b)(1) provides

guidance. It states:

> Unless otherwise limited by court order, the scope of discovery is
> as follows: Parties may obtain discovery regarding any
> nonprivileged matter that is relevant to any party's claim or
> defense and proportional to the needs of the case, considering the
> importance of the issues at stake in the action, the amount in
> controversy, the parties' relative access to relevant information, the
> parties' resources, the importance of the discovery in resolving the
> issues, and whether the burden or expense of the proposed
> discovery outweighs its likely benefit. Information within this

> scope of discovery need not be admissible in evidence to be
> discoverable.

Fed. R. Civ. P. 26(b)(1) (eff. Dec. 1, 2015).

Among the more common formal and adversarial discovery tools provided by the Federal Rules of Civil Procedure are requests for the production of documents, electronically stored information, and other tangible things (Rule 34); interrogatories to a party (Rule 33); and depositions by oral examination. Depositions are typically taken from a specifically named individual or several named individuals whom a party desires to question. On occasion, however, when an organization is a party, the opposing party may be uncertain precisely whom to depose within that organization in order to learn what is "known" by that organization. Rule 30(b)(6) attempts to address this need in a fair and economically efficient manner and provides for heightened duties and obligations on both the party seeking a deposition of an organizational representative and the organization itself that is the party from whom discovery is sought.

Rule 30(b)(6) provides:

> In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and *must describe with reasonable particularity the matters for examination*. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. *The person designated must testify about information known or reasonably available to the organization*. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

Fed. R. Civ. P. 30(b)(6) (emphasis added).

As explained by the Advisory Committee, the discovery device created by Rule 30(b)(6) was intended to assist both sides in the deposition process. Previously, officers or managing agents of a corporation who were deposed might use a technique of gamesmanship known as

PAGE 3 – OPINION AND ORDER

"bandying," in which each witness in turn honestly disclaims knowledge of facts that are known to other persons in the organization and thereby to the organization itself. This technique increased the expense and burden to the party seeking appropriate discovery. Rule 30(b)(6) is intended to curb that practice. In addition, organizations at times were subjected to an unnecessarily large number of their officers and agents being deposed by a party who was uncertain of who in the organization has knowledge regarding some specific matter at issue. The Advisory Committee observed that the burden placed by this rule on a party required to produce a witness or witnesses "is not essentially different from that of answering interrogatories under Rule 33, and is in any case lighter than that of an examining party ignorant of who in the corporation has knowledge." Fed. R. Civ. P. 30, Advisory Committee Notes (1970) Amendments).

"In a Rule 30(b)(6) deposition, there is no distinction between the corporate representative and the corporation. The Rule 30(b)(6) designee does not give his personal opinion. Rather, he presents the corporation's 'position' on the topic. The designee testifies on behalf of the corporation and thus holds it accountable." *Sprint Commc'ns Co. L.P. v. Theglobe.com, Inc.*, 236 F.R.D. 524, 527 (D. Kan. 2006) (quotations marks and footnotes omitted). Under this rule, "companies have a duty to make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter." *Id.* (quotation marks omitted).

For these reasons, the purposes underlying Rule 30(b)(6) would be "frustrated [if] a corporate party produces a witness who is unable . . . or unwilling to provide the necessary factual information on the entity's behalf." *Black Horse Lane Assoc., L.P. v. Dow Chem.*

PAGE 4 – OPINION AND ORDER

*Corp.*, 228 F.3d 275, 304 (3d Cir. 2000). Thus, the rule requires, if need be, that the responding party "must prepare deponents by having them review prior fact witness deposition testimony as well as documents and deposition exhibits." *United States v. Taylor*, 166 F.R.D. 356, 362 (M.D.N.C. 1996). In short, corporate or other organizational parties have an obligation, which can sometimes be quite burdensome, to present witnesses who are capable of providing testimony on the noticed topics, regardless of whether the information was in the specific witness's personal knowledge, provided that the information is reasonably available to the corporation or organization. *Covad Commc'n Co. v. Revonet, Inc.*, 267 F.R.D. 14, 25 (D.D.C. 2010); *see also Nutramax Labs., Inc. v. Twin Labs, Inc.*, 183 F.R.D. 458, 469 (D. Md. 1998) ("The testimony of [Rule 30(b)(6)] witnesses also is not limited to matters within their personal knowledge, but extends to matters known or reasonably available to the party designating the witness." (quotation marks omitted)).

Because Rule 30(b)(6) places substantial responsibilities and burdens on the responding corporate or organizational party, the Rule itself expressly requires that the party requesting the deposition "must describe with reasonable particularity the matters for examination." As one court has explained, "to allow the Rule to effectively function, the requesting party must take care to designate, *with painstaking specificity*, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute." *Sprint*, 236 F.R.D. at 528 (emphasis added); *see also Lipari v. U.S. Bancorp, N.A.*, 2008 WL 4642618, at *5 (D. Kan. Oct. 16, 2008). "Once notified as to the reasonably particularized areas of inquiry, the corporation then must not only produce such number of persons as will satisfy the request, but more importantly, prepare them so that they may give complete, knowledgeable and binding answers on behalf of the corporation." *Sprint*, 236 F.R.D. at 528 (quotation marks omitted); *see also Memory Integrity,*

*LLC v. Intel Corp.*, 308 F.R.D. 656, 660-61 (D. Or. 2015). Thus, for Rule 30(b)(6) to achieve its objectives, both the party requesting discovery and the party providing discovery must conscientiously and fairly comply with the demands of that rule.

## BACKGROUND

For purposes of this discovery motion, the Court takes as true the following facts alleged in the amended complaint. Updike has been deaf his entire life. He relies primarily on American Sign Language ("ASL") to communicate with other people. Without auxiliary aids, such as video conferencing and closed-captioning functions, Updike cannot use a standard telephone or understand programs on television. Many other hearing-impaired people similarly rely on ASL and auxiliary aids to communicate and understand television programming.

From approximately April 30 to May 24, 2013, Updike served time in Clackamas County Jail. On July 7, 2014, Updike again served time in the Clackamas County Jail. On both of these occasions, Clackamas County corrections employees knew that Updike was deaf. Nonetheless, Defendant did not provide Updike with an ASL interpreter. With no available ASL interpreter, Updike had limited ways of communicating with jail staff, including medical professionals. Defendant also repeatedly failed to provide Updike with auxiliary aids and services for communication. The denial of these aids and services effectively deprived Updike of the ability to speak over the telephone with his attorney and Updike's family and the possibility of fully using the television for recreation. Non-hearing-impaired inmates have the opportunity to speak with their attorneys and families and fully participate in recreational activities, such as watching television.

During Updike's incarceration in 2013, Clackamas County corrections employees could not adequately communicate with Updike and failed to understand his reports of harassment by other inmates. Because Clackamas County corrections employees either misunderstood Updike's

reports or purposefully retaliated against him, Defendant placed Updike in solitary confinement. Lack of effective communication, lack of meaningful telephone access, and lack of recreational opportunities equal to those of non-hearing-impaired inmates caused Updike to feel frustrated, humiliated, and isolated.

Updike asserts that his experience at Clackamas County Jail is representative of the experiences of other hearing-impaired prisoners. Updike alleges that Defendant failed to provide hearing-impaired inmates with adequate access to sign language interpreters. Lack of access to sign language interpreters inhibits the ability of inmates effectively to communicate with Clackamas County employees, particularly medical professionals. Defendant also allegedly failed to provide hearing-impaired inmates with auxiliary aids and services necessary for the inmates to understand television programming and jail announcements. Defendant allegedly did not give hearing-impaired inmates access to interpreters or other auxiliary aids and services during disciplinary proceedings, effectively depriving the inmates of the ability to defend themselves. Updike seeks to represent a class of past and future hearing-impaired inmates.

## DISCUSSION

Plaintiff has served on Defendant Plaintiff's Second Amended Notice of FRCP 30(b)(6) Deposition of Clackamas County. This notice contains 29 separately-numbered paragraphs that designate or describe specific subject matters for an organizational deposition of Defendant. Pursuant to Rule 30(b)(6), Defendant must provide one or more officers, directors, managing agents, or other persons to testify on behalf of Defendant with respect to the specific subject matters described in each of Plaintiff's 29 numbered paragraphs. Defendant has no objection to 20 of Plaintiff's paragraphs. Defendant, however, objects to the entirety of six of Plaintiff's paragraphs and to portions of three others. Defendant seeks a protective order pursuant to Rule 26(c)(1)(D) of the Federal Rules of Civil Procedure, asking this Court to strike six and limit

three of Plaintiff's 29 separate paragraphs of designated subject matter. Rule 26(c)(1)(D) allows any person from whom discovery is sought to move for a protective order and authorizes the court, for good cause, to forbid inquiry into certain matters or limit the scope of disclosure or discovery to certain matters. The Court will separately address each of the nine paragraphs of Plaintiff's Second Amended Notice that are at issue in Defendant's motion.

## A. Defendant's Motion to Strike the Entirety of Paragraphs 1, 5, 6, 9, 18, and 24

### 1. Paragraph 1 (All of the County's Policies and Departments)

In paragraph 1, Plaintiff requests under Rule 30(b)(6) that Defendant provide one or more witnesses to answer questions regarding the following: "Identify and discuss any and all of Defendant *Clackamas County's policies* regarding auxiliary aids and services, reasonable accommodations, and/or other measures taken to comply with the ADA, the Rehabilitation Act, and/or other federal and state disability discrimination laws concerning deaf and hard of hearing (HOH) citizens since January 1, 2013." (Emphasis added.)

Defendant argues that "[t]his topic is overbroad and not likely to lead to relevant evidence" because County policies, other than County jail policies to which Defendant does not object, relating to deaf or hard of hearing ("HOH") citizens are not relevant to the jail's policies regarding the treatment of deaf or HOH inmates and "there are numerous policies depending on the department of the county interacting with citizens." Defendant also asserts that to prepare one or more witnesses fully to answer this question is unduly burdensome. Defendant adds that it "is producing a witness to testify to the policies regarding the treatment and accommodation of deaf and HOH inmates at the jail" and that the County "does not take the position that the jail's policies conflict with the county's policies, or that the county is not bound by the jail's policies and procedures regarding deaf or HOH inmates."

Plaintiff responds that the Defendant in this action is the County, not the Sheriff's Office, and "Plaintiff is seeking testimony about the County's policies toward deaf and HOH people in general because those policies should inform the [Sheriff's Office and jail] about their obligations to accommodate deaf and HOH inmates." Plaintiff also argues that this information is relevant to Plaintiff's burden to prove "deliberate indifference." Plaintiff adds that the "County is in possession of its own ADA policies, which should be readily accessible to the County" and the County "does not elaborate on the estimated time it would require to collect its ADA policies."

In paragraph 1 of his request under Rule 30(b)(6), Plaintiff is not seeking the production of documents. Document requests are governed by Rule 34, and a request under that rule for copies of Defendant's written policies from other departments beyond the treatment and accommodation of deaf and HOH inmates at the jail may or may not be unduly burdensome to gather and produce. (That is not currently before the Court.) Asking the Defendant, however, to prepare and provide one or more designated witnesses to testify at deposition about that broad subject matter beyond the treatment and accommodation of deaf and HOH inmates at the jail is unduly burdensome and inappropriate under Rule 30(b)(6). *Defendant's objection to paragraph 1 is well-taken, and it is sustained*.

### 2.  Paragraph 5 (Crime Victims)

In paragraph 5, Plaintiff requests under Rule 30(b)(6) that Defendant provide one or more witnesses to answer questions regarding the following: "Any and all Clackamas County Sheriff's Office policies regarding the provision of sign language interpreters and other auxiliary aids and services for deaf and/or hard of hearing persons who are *crime victims* by the Clackamas County Sheriff's Office since January 1, 2013." (Emphasis added.)

Defendant argues that the "treatment of crime victims is not relevant to plaintiff's claims that deaf inmates are not treated equally or otherwise have had their rights under the ADA and RA violated by the jail." Plaintiff responds that such evidence is relevant to "intent, motive, and the absence of mistake" and is relevant to showing deliberate indifference. Plaintiff also responds that the County "has failed to display how this item would be unduly burdensome" and the County "is in possession of their own ADA policies, which should be readily accessible to the County." Again, as in Plaintiff's request under paragraph 1, Plaintiff erroneously equates the standards for a Rule 30(b)(6) deposition with the standards for production of documents under Rule 34. *Defendant's objection to paragraph 5 is well-taken, and it is sustained.*

### 3. Paragraph 6 (Witnesses to Crimes)

In paragraph 6, Plaintiff requests under Rule 30(b)(6) that Defendant provide one or more witnesses to answer questions regarding the following: "Any and all Clackamas County Sheriff's Office policies regarding the provision of sign language interpreters and other auxiliary aids and services for deaf and/or hard of hearing persons who are *witnesses to crimes* reported to or investigated by the Clackamas County Sheriff's Office since January 1, 2013." (Emphasis added.) Defendant and Plaintiff make similar arguments concerning Plaintiff's paragraph 6 that they made concerning paragraphs 1 and 5, and the Court's ruling is the same. *Defendant's objection to paragraph 6 is well-taken, and it is sustained.*

### 4. Paragraph 9 (Non-English-Speaking Interpreters)

In paragraph 9, Plaintiff requests under Rule 30(b)(6) that Defendant provide one or more witnesses to answer questions regarding the following: "Whether, when, and under what circumstances Defendant Clackamas County has provided or attempted to provide *interpreters* to inmates at the Detention Facility since January 1, 2013." (Emphasis added.) Defendant notes that Plaintiff's request in paragraph 8, to which Defendant does not object, as opposed to this

paragraph, asks: "Whether, when, and under what circumstances Defendant Clackamas County has provided or attempted to provide *sign language interpreters* to deaf and/or hard of hearing inmates at the Detention Facility since January 1, 2013." (Emphasis added.)

Defendant objects to paragraph 9 on the grounds that Defendant's policies regarding providing interpreters for inmates who do not speak English is not relevant to Plaintiff's claims. Plaintiff responds, in essence, that such a comparison may be relevant. Because this topic relates to the Defendant's treatment and accommodation of inmates at the jail who are unable to understand directions expressed in spoken English, it is sufficiently relevant to the issues in this case. It also does not appear to the Court that it would be unreasonably burdensome for the Defendant to provide a witness who can address this topic. *Defendant's objection to paragraph 9 is not well-taken, and it is overruled.*

### 5. Paragraph 18 (Defendant's Awareness of National or Other State Standards)

In paragraph 18, Plaintiff requests under Rule 30(b)(6) that Defendant provide one or more witnesses to answer questions regarding the following: "Whether Defendant Clackamas County is aware of any *national or state jail or corrections standards* that apply to deaf and hard of hearing inmates and how the Clackamas County Jail's policies with regard to deaf and hard of hearing inmates compare to those national or state jail or corrections standards." (Emphasis added.)

Defendant objects on the grounds that this request is vague and overbroad, explaining that the word "standards" is vague. Defendant adds that it has already informed Plaintiff that "there are no national or state corrections standards applicable to deaf or HOH inmates in jail, beyond the laws governing disabled persons, *i.e.* the ADA and [Rehabilitation Act] and Oregon's disability laws." Plaintiff responds that "Plaintiff is entitled to hear testimony from the County

either whether any such national or state jail standards exist or if they investigated whether such jail standards exist."

*Defendant's objection to paragraph 18 is well-taken in part and not well-taken in part, and it is sustained in part and overruled in part.* Defendant shall provide a witness to answer the question whether Defendant Clackamas County is *aware* of any national or state jail or corrections standards that apply to deaf and hard of hearing inmates, other than the ADA, the Rehabilitation Act, and Oregon's disability laws. Defendant need not, however, provide a witness who can answer whether anyone in the County at any time has ever investigated whether any such national or state (other than Oregon) jail standards exist. Further, Defendant need not provide a witness who can compare the County's standards to any national or state jail or corrections standards. The latter demands are unreasonably burdensome in the context of Rule 30(b)(6).

### 6. Paragraph 24 (Attempts by Other Inmates to Communicate with Plaintiff)

In paragraph 24, Plaintiff requests under Rule 30(b)(6) that Defendant provide one or more witnesses to answer questions regarding the following: "Whether Defendant Clackamas County has knowledge of any and all *attempts by inmates at the Detention Facility to communicate with Mr. Updike* through sign language, writing, or any other means, since April 29, 2013, including the identity of those individuals, their history of confinement at the Detention Facility, *and what was said or communicated by the inmates and Mr. Updike*." (Emphasis added.)

Defendant states that it "has no way to determine which other inmates 'attempted to communicate with plaintiff, let alone to testify to 'what was said or communicated.'" Defendant adds that it already has "produced plaintiff's inmate files, and is producing the inmate files of nine other deaf inmates pursuant to the protective order in place." Plaintiff responds that the

PAGE 12 – OPINION AND ORDER

"County should have this information" and refers to the Declaration of Daniel Snyder, ¶ 5 and to paragraph 75 of the Amended Complaint. In paragraph 5 of his declaration, Plaintiff's lead counsel Mr. Snyder states that he referred Defendant's counsel to paragraph 75 of the Amended Complaint, describing an incident in which Mr. Updike tried to get help from a corrections deputy to deal with inmates who were bothering Mr. Updike. Mr. Snyder further states that he told Defendant's counsel that the County should either produce records from that incident or state that no such records exist.

Paragraph 24, however, goes well beyond what Plaintiff is describing in his response. If Plaintiff knows the identity of the specific corrections officer at issue, Plaintiff may depose that officer. If Plaintiff does not know the identity of that officer, Plaintiff may serve an interrogatory on Defendant under Rule 33, seeking the identity of that officer. Further, if Plaintiff wants any records regarding that incident, Plaintiff may serve a request under Rule 34 for the production of documents, and if no such records can be located, Defendant must provide that response in writing. *Defendant's objection to paragraph 24, as that paragraph is currently framed, is well-taken, and it is sustained.*

## B. Defendant's Request to Limit the Scope of Paragraphs 4, 12, and 23

### 1. Paragraph 4 (Persons Interviewed or Investigated But Not Detained)

In paragraph 4, Plaintiff requests under Rule 30(b)(6) that Defendant provide one or more witnesses to answer questions regarding the following: "Any and all policies regarding the provision of sign language interpreters and other auxiliary aids and services for deaf and/or hard of hearing persons Clackamas County Sheriff's Office since January 1, 2013 who are or were the following: inmates at the Detention Facility; arrested persons booked and released before being held as inmates at the Detention Facility; *or persons interviewed or investigated* as alleged or potential criminal perpetrators." (Emphasis added.)

PAGE 13 – OPINION AND ORDER

Defendant objects only to that final portion of paragraph 4 that relates to persons who were not held as inmates but were "interviewed or investigated as alleged or potential criminal perpetrators." Defendant states: "This portion of the item relates to persons who are not dealt with by the jail and are not covered by the jail's policies." Plaintiff responds that this evidence "is relevant to show intent, lack of mistake, willfulness, and knowledge" and is relevant to the issue of deliberate indifference. The Court views this issue as similar to the issues discussed above concerning paragraphs 1, 5, and 6. It is too far afield from the issues presented in this lawsuit and unreasonably burdensome. *Defendant's objection to this portion of paragraph 4 is well-taken, and it is sustained*.

### 2. Paragraph 12 (Defendant's Awareness of the Reasons for the Policies)

In paragraph 12, Plaintiff requests under Rule 30(b)(6) that Defendant provide one or more witnesses to answer questions regarding the following: "Any and all of the Clackamas County Sheriff's Office policies, procedures, any unwritten procedures in effect since January 1, 2013, that implement the written policies regarding deaf and hard of hearing inmates' access to medical care, telephone services, meals, recreation times, television, and Rehabilitative Programming and Other Services, *as well as reasons the policies were put in place*, any revisions to the original policies, as well as how the policies have been carried out since January 1, 2013." (Emphasis added.)

Defendant does not object to providing a witness to testify to policies and procedures pertaining to deaf and HOH inmates, but only objects to that portion of paragraph 12 that asks for the "reasons the policies were put in place" and "how the policies have been carried out since January 1, 2013." Defendant adds that many of its policies were implemented years ago and some have undergone multiple changes. Defendant also argues that the objected-to portions are "vague and ambiguous." The Court agrees with some of Defendant's objections.

*Defendant's objections to portions of paragraph 12 are well-taken in part and not well-taken in part, and they are sustained in part and overruled in part.* Plaintiff may ask the witness designated for paragraph 12 what, if anything, that witness knows about the history, changes, or reasons of any policies or procedures regarding deaf and hard of hearing inmates' access to medical care, telephone services, meals, recreation times, television, and Rehabilitative Programming and Other Services, and the witness shall answer to the best of his or her knowledge. Defendant, however, is relieved by the Court of any obligation to ensure that the designated witness is prepared to answer questions about any changes or reasons for any changes that occurred before January 1, 2013. In addition, Defendant's objection that the topic "how the policies have been carried out since January 1, 2013" is vague and ambiguous is without merit and is overruled. That is a reasonable area for inquiry, and Defendant has an obligation to ensure that the designated witness is prepared to answer that question.

### 3.    Paragraph 23 (Defendant's Third-Party Vendors or Contractors)

In paragraph 23, Plaintiff requests under Rule 30(b)(6) that Defendant provide one or more witnesses to answer questions regarding the following: "Any and all attempts by Clackamas County Sheriff's Office employees, *including employees of any subcontractor who provide inmate programs, services, or medical care*, such as Corizon, to communicate with Mr. Updike through sign language, writing, or any other means, since April 29, 2013, including the identity of those individuals, their ASL knowledge, their background in communicating with deaf and hard of hearing individuals, their role within the Detention Facility, and the substance of those communications." (Emphasis added.)

Defendant does not object to providing a witness to testify regarding its general awareness of Defendant's employees' attempts to communicate with Plaintiff. Defendant adds that it has already produced Plaintiff's inmate and medical files that show the identities of

deputies and healthcare staff who interacted with Plaintiff. Defendant also notes that it has already responded to interrogatories identifying the deputies who recalled communicating with Plaintiff. Defendant also does not object to Plaintiff taking the deposition of those individuals.

Defendant, however, objects to that portion of paragraph 23 in Plaintiff's Rule 30(b)(6) notice that demands that the designated witness be prepared to testify regarding both the background of any individuals who communicated with Plaintiff and about any specific communications they may have had with Plaintiff. *Defendant's objection is well-taken, and it is sustained.* Plaintiff may separately depose those people or serve document requests or interrogatories for this information.

Defendant also objects to the extent that this paragraph requires Defendant to interview non-employees, including but not limited to contractors, whose identities are also known to Plaintiff from the documents produced. *Defendant's objection is well-taken, and it is sustained.* Where the identities of persons who interacted with Plaintiff while Plaintiff was incarcerated is known by or made available by Defendant to Plaintiff, Plaintiff may take the depositions of those persons.

Plaintiff states that the County should be required to investigate whether the County's sub-contractors, including but not limited to Corizon, used ASL interpreters in dealing with Plaintiff and, if not, how communication with Plaintiff was achieved. That information, however, can most efficiently be obtained with a deposition or depositions the individual employees or contract employees, taken pursuant to Rule 45 if necessary, who interacted with Plaintiff. *Defendant's objection to these portions of paragraph 23 are well-taken, and they are sustained.*

## CONCLUSION

Defendant's Motion for Protective Order Limiting Topics of the Rule 30(b)(6) Deposition of Clackamas County (Dkt. 35) is GRANTED IN PART AND DENIED IN PART.

PAGE 16 – OPINION AND ORDER

Defendant's objections concerning paragraphs 1, 4, 5, 6, 23, and 24 are sustained. Defendant's objection concerning paragraph 9 is overruled. Defendant's objections concerning paragraphs 12 and 18 are sustained in part and overruled in part.

**IT IS SO ORDERED**.

DATED this 11th day of January, 2016.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge