IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DAVID UPDIKE**, on behalf of himself and all others similarly situated,<br><br>        Plaintiffs,<br><br>      v.<br><br>**CLACKAMAS COUNTY**,<br><br>        Defendant. | Case No. 3:15-cv-00723-SI<br><br>**OPINION AND ORDER** |

Daniel J. Snyder, Carl Lee Post, and John D. Burgess, LAW OFFICES OF DANIEL SNYDER, 1000 S.W. Broadway Street, Suite 2400, Portland, OR 97205; Debra J. Patkin, National Association of the Deaf, 8630 Fenton Street, Suite 820, Silver Spring, MD 20910. Of Attorneys for Plaintiff.

Stephen L. Madkour, Clackamas County Counsel, and Kathleen J. Rastetter, Assistant Clackamas County Counsel, 2051 Kaen Road, Oregon City, OR 97045. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

## BACKGROUND

Plaintiff David Updike ("Plaintiff") brings this putative class action against Defendant Clackamas County, alleging two claims: (1) discrimination in violation of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132; and (2) discrimination in violation of § 504 of the Vocational Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C.

PAGE 1 – OPINION AND ORDER

§ 794. On November 30, 2015, the Court granted in part Defendant's motion to dismiss, ruling that, among other things, Plaintiff's claims based on conduct occurring before April 29, 2013, are time-barred under the applicable statute of limitations.

On January 13, 2016, Plaintiff took the deposition of Clackamas County pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. Defendant designated Captain Lee E. Eby as its representative. During the deposition, Defendant requested on the record the opportunity to have the witness read and sign the deposition transcript. On February 1, 2016, Defendant's counsel submitted to the court reporter the witness's signed statement of twelve changes and reasons for each change. Dkt. 46-1. For some changes, the stated reason was to clarify the initial response; for most changes, the stated reason was to provide additional information to clarify and supplement the initial response. Plaintiff objects to Defendant's corrections as improper substantive changes and moves to strike. For the reasons stated below, Plaintiff's Motion to Strike Deposition Changes by Defendant Clackamas County (Dkt. 45) is DENIED.

## STANDARDS

Rule 30(e), which governs changes to deposition transcripts, provides:

> (1) *Review; Statement of Changes*. On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:
>
> (A) to review the transcript or recording; and
>
> (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

Fed. R. Civ. P. 30(e). In addition to the procedural requirements of Rule 30(e), the Ninth Circuit extends the "sham affidavit" rule to deposition corrections, holding that Rule 30(e) deposition corrections cannot be used to create an issue of fact by contradicting prior deposition testimony.

PAGE 2 – OPINION AND ORDER

*Hambleton Bros. Lumber Co. v. Balkin Enters., Inc.*, 397 F.3d 1217, 1225 (9th Cir. 2005). "Rule 30(e) is to be used for corrective, and not contradictory, changes." *Id.* at 1226. To justify striking a deposition correction as a "sham," however, the "inconsistency between a party's deposition testimony and subsequent affidavit must be clear and unambiguous." *Yeager v. Bowlin*, 693 F.3d 1076, 1080 (9th Cir. 2012) (discussing the sham affidavit rule).

When determining whether deposition corrections are a "sham" or otherwise intended to create an issue of fact for summary judgment, the timing of the deposition changes is informative. In *Hambleton*, the court affirmed the magistrate judge's decision to strike an errata sheet as a sham and a violation of Rule 30(e) when the deposition occurred in late 2001, the defendants filed a motion for summary judgment in January 2002, and the plaintiffs submitted the deposition corrections in February 2002. *Hambleton*, 397 F.3d at 1223-24. The court indicated that the sequence of the deposition corrections, submitted after the motion for summary judgment was filed, was "seemingly tactical." *Id.* at 1225. The court further noted that in addition to filing the corrections after the 30-day deadline, the plaintiffs omitted a statement in the errata sheet "explaining the corrections, despite the fact that the plain language of the Rule requires that a statement giving reasons for the corrections be included," which was a second indication that the corrections were a "sham." *Id.* at 1224. "A statement of reasons explaining corrections is an important component of errata submitted pursuant to [Rule] 30(e), because the statement permits an assessment concerning whether the alterations have a legitimate purpose." *Id.* at 1224-25. Finally, the court acknowledged the magistrate judge's legitimate concern regarding the "extensive nature" of the deposition corrections. *Id.* at 1225.

## DISCUSSION

There is no motion for summary judgment that is pending, and Plaintiff does not argue that Captain Eby's changes are a "sham," intended to create an issue of fact by contradicting

PAGE 3 – OPINION AND ORDER

prior deposition testimony. Instead, Plaintiff objects to the quantity and length of the corrections, arguing that Rule 30(e) does not allow a witness to supplement or clarify deposition responses, only to make "corrections." In response, Defendant asserts that Captain Eby's changes permissibly clarify or supplement his deposition testimony, and do not contradict it. Defendant notes that the Court has, in other cases, declined to strike deposition changes where the changes were not contradictory and the timing did not appear to be "tactical." *See, e.g.*, *Int'l Longshore & Warehouse Union v. Port of Portland*, 2014 WL 1343422, at *6-7 (D. Or. April 3, 2014).

The Court has reviewed Defendant's corrections and finds that they are not inappropriate or otherwise in violation of Rule 30(e). They are not, however, to be used to "replace" the original testimony. Instead, the original deposition transcript as supplemented by Caption Eby's three pages of corrections shall, as a whole, constitute the deposition of Captain Eby. Moreover, Plaintiff may, if relevant for impeachment or any other proper purpose, show any factfinder that these additions were made after the oral deposition of Captain Eby had concluded.

## CONCLUSION

Plaintiff's Motion to Strike Deposition Changes by Defendant Clackamas County (Dkt. 45) is DENIED.

**IT IS SO ORDERED**.

DATED this 19th day of February, 2016.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 4 – OPINION AND ORDER